IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS LOCK,

            Plaintiff,

       v.

STATE OF CALIFORNIA, et al.,

            Defendants.

_____

Civ. No. 6:13-cv-2091-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff, *pro se*, brings this *in forma pauperis* action against six unknown agents, the State of California, Multnomah County Public Defenders' Office,[1] and DOES 1-100. Plaintiff's complaint (#2) asserts six causes of action: (1) 18 U.S.C. § 1512 (Tampering with a Witness, Victim, or an Informant); (2) 18 U.S.C. § 2384 (Seditious Conspiracy); (3) 18 U.S.C. § 1621 (Perjury); (4) 42 U.S.C. § 1983 (Civil Action for Deprivation of Rights); (5) 42 U.S.C. § 1985 (Conspiracy to Interfere with Civil Rights); and (6) 42 U.S.C. § 1986 (Action for Neglect to Prevent). In addition to plaintiff's complaint, he also filed a petition for writ of mandamus (#6),[2] a motion for temporary restraining order (#7), and a motion for notice of treason (#8).

This Court may dismiss a claim *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). Likewise, if a plaintiff proceeds *in forma pauperis*, this Court is

---

[1] Multnomah County has two public defender associations: Metropolitan Public Defender Services, Inc. and Multnomah Defenders, Inc. Plaintiff did not specify an office within his complaint.
[2] This Court addressed petitioner's request for mandamus in a separate opinion.

1 – OPINION AND ORDER

required to dismiss "the case at any time if the court determines that" the action or appeal is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Upon review, plaintiff's complaint (#2) is DISMISSED with leave to amend, plaintiff's motion for a temporary restraining order (#7) is DENIED, and plaintiff's motion for notice of treason (#8) is DENIED.

## STANDARD OF REVIEW

"In civil rights cases where the plaintiff appears pro se, [this Court] must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted). This Court must give a *pro se* litigant "leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id*. (citations omitted) (internal quotation marks omitted). "Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, [this Court] must give the plaintiff a statement of the complaint's deficiencies." *Id*.

## DISCUSSION

Per complaint (#2) and motions (## 7 & 8), plaintiff seeks to restrain the government from interfering with his "[c]onstitutionally protected Political and Spiritual practices" and other associated infringements. This Court will assess the adequacy of plaintiff's (1) complaint, (2) motion for temporary restraining order, and (3) motion for notice of treason.

## I. Plaintiff's Complaint

Plaintiff, in his complaint (#2), asserts six causes of action. Of these causes, this Court will first assess plaintiff's claims under 18 U.S.C. § 1512, 18 U.S.C. § 2384, and 18 U.S.C. § 1621. Upon review, these three claims rely upon criminal statutes that do not confer a private

2 – OPINION AND ORDER

cause of action to plaintiff.[3]  Accordingly, these initial three claims are DISMISSED with prejudice.

As to plaintiff's remaining claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986, this Court will assess the sufficiency of plaintiff's allegations. To survive this assessment under FRCP 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Per this standard, plaintiff's alleged facts must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court must assume that the allegations contained in the complaint are true. *Id.*

Turning to plaintiff's complaint, his principle concern appears to be findings[4] made during his pursuit of social security benefits. *See* Pl.'s Compl. 2–7, ECF No. 2. Plaintiff also expresses concern about an inaccurate police file. *Id.* at 8. However, these allegations are insufficient to "nudge[] [his] claims across the line" to plausible.[5] *Twombly*, 550 U.S. at 570.

---

[3] 18 U.S.C. § 1512 criminalizes tampering with a witness, victim or an informant and does not create a private cause of action. *See, e.g., Stevenson v. Kellums*, 2011 WL 1566702, at *4 (E.D. Cal. Apr. 25, 2011). 18 U.S.C. § 2384 criminalizes conspiracy to overthrow or oppose by force the United States government and does not create a private cause of action. *See, e.g., Okoro v. Krueger*, 2007 WL 3333476, at *11 n.7 (E.D. Mich. Sept. 21, 2007). 18 U.S.C. § 1621 criminalizes perjury generally and does not create a private cause of action. *See, e.g., Fuller v. Unknown Officials from the Justice Dept. Crime Div.*, 387 F. App'x 3, 4 (D.C. Cir. 2010) (citations omitted).
[4] Plaintiff believes that he received a psychiatric misdiagnosis. *See* Pl.'s Compl. 12, ECF No. 2.
[5]      FRCP 8(a)(2) requires plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's underlying factual allegations are sporadic, lack time references, and fail to identify the defendants. Plaintiff needs to link his factual allegations against specific defendants to specific claims. Likewise, plaintiff fails to identify any specific rights, privileges, or immunities to which he has been deprived under 42 U.S.C. § 1983 & 1985. Importantly, 42 U.S.C. § 1985(2) does not generally provide redress for interference or obstruction within administrative proceedings (i.e., a Social Security disability hearing). *See, e.g., Deubert v. Gulf Federal Savings Bank*, 820 F.2d 754, 758 (5th Cir. 1987); *C.O. v. Portland Public Schools*, 406 F.Supp.2d 1157, 1170 (D. Or. 2005). As to plaintiff's claim under 42 U.S.C. § 1986, that section "merely gives a remedy for misprision of a violation of 42 U.S.C. § 1985." *Williams v. St. Joseph's Hospital*, 629 F.2d 448, 452 (7th Cir. 1980); *see also Mollnow v. Carlton*, 716 F.2d 627, 632 (9th Cir. 1983).
     For most of his complaint, plaintiff identifies alleged institutional corruption. However, as indicated above, plaintiff's causes of action under 18 U.S.C. § 1512, 18 U.S.C. § 2384, and 18 U.S.C. § 1621 are DISMISSED with prejudice. Accordingly, upon amending his complaint, plaintiff is instructed to remove allegations solely associated with these causes of action. Also, to the extent that plaintiff "held back" factual allegations, plaintiff is instructed to provide such allegations if necessary to meet the pleading standard indicated above.

Accordingly, plaintiff's complaint is DISMISSED with leave to amend. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). Plaintiff is allowed 30 days from the date of this order to file an amended complaint curing the deficiencies identified above. *See supra* (footnote 5); *infra* (footnote 6).

## II. Plaintiff's Motion for Temporary and Permanent Restraining Order

Plaintiff, in his FRCP 65(b) motion (#7), requests a temporary restraining order to protect him from being murdered, falsely arrested, and to restrain law enforcement personnel from interfering with his constitutionally protected endeavors. Pl.'s Mot. TRO 6, EFC No. 7. This Court has discretion to issue a temporary restraining order "only if" a party seeking relief demonstrates clearly, with specific factual allegations, that immediate and irreparable injury, loss, or damage will result absent the order. FED. R. CIV. P. 65(b). Plaintiff's motion does not meet this threshold.[6] Accordingly, plaintiff's motion (#7) is DENIED.

## III. Plaintiff's Motion for Notice of Treason

Plaintiff, in his motion for notice of treason (#8), requests a court ordered criminal investigation of alleged treasonous acts under 18 U.S.C. § 2382. However, 18 U.S.C. § 2382 is a criminal statute that does not provide plaintiff with a private cause of action. *Chen ex rel. V.D. v. Lester*, 364 F. App'x 531, 536 (11th Cir. 2010) (finding that 18 U.S.C. § 2382 does not confer a private right of action); *see also Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (citations omitted) ("[T]his Court has rarely implied a private right of action under a criminal statute . . .").

---

[6] Plaintiff offers two unrelated narratives. First, plaintiff identifies a confrontation that occurred with an unnamed security guard that allegedly resulted in injury. Second, plaintiff identifies what appears to be a breach of contract or theft allegation against his former pastor. Plaintiff has not provided any evidence that he is likely to prevail on the merits, *see* analysis § I, or that he will suffer immediate and irreparable injury. *See, e.g.*, *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977) (articulating the temporary restraining order factors). However, to the extent that plaintiff was injured by a governmental official, plaintiff should consider an excessive force claim pursuant to 42 U.S.C. § 1983 in his amended complaint. In addition, plaintiff should also consider a supplemental state law claim (e.g., breach of contract) against his pastor.

Accordingly, plaintiff's motion for notice of treason (#8) is DENIED for failure to state a claim upon which relief may be granted.

## **CONCLUSION**

For these reasons, plaintiff's complaint (#2) is DISMISSED with leave to amend, plaintiff's motion for a temporary restraining order (#7) is DENIED, and plaintiff's motion for notice of treason (#8) is DENIED. **Plaintiff is allowed 30 days from the date of this order to file an amended complaint curing the deficiencies identified above**. *See supra* (footnote 5 & 6).

IT IS SO ORDERED.

DATED this 6th day of January, 2014.

_____ s/ Michael J. McShane _____
Michael J. McShane
United States District Judge

5 – OPINION AND ORDER