IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS LOCK,

    Plaintiff,

v.

STATE OF CALIFORNIA, et al.,

    Defendants.
_____

Civ. No. 6:13-cv-2091-MC

OPINION AND ORDER

MCSHANE, Judge:

Petitioner, *pro se*, filed this petition for writ of mandamus (#6)[1] on December 2, 2013.[2] Petitioner seeks to stop six unknown law enforcement agents from "witness tampering, lying to the court and other crimes" through a court ordered criminal investigation. Pet. Writ of Mandamus 1–4, ECF No. 6. This Court's authority to issue a writ of mandamus is generally limited to existing statutory jurisdiction, e.g., Mandamus Act, 28 U.S.C. § 1361, and All Writs Act, 28 U.S.C. § 1651. *See*, e.g., *Petrowski v. Nutt*, 161 F.2d 938, 938–39 (9th Cir. 1947); *see also* FED. R. CIV. P. 81(b) ("The writ[] . . . of mandamus [is] abolished."). This Court may issue a writ of mandamus in one of two basic situations: (1) to compel the performance of a ministerial,

---

[1] Plaintiff filed a "Request for Mandamus-U.S. Attorney Rule 21." Pet. Writ of Mandamus 1, ECF No. 6. To the extent that petitioner seeks to utilize FRAP 21(a), that procedural mechanism is intended to permit parties to challenge decisions of lower courts and governs procedure in the United States Court of Appeals. *See* FED. R. APP. P. 1(a)(1) & (2).

[2] Plaintiff filed a writ of mandamus in Civ. No. 6:13-cv-2069, seeking to stop the "U.S. Attorney and various law enforcement agencies" from interfering with petitioner's religious use of cannabis. In dismissing that writ, this Court instructed plaintiff to seek more appropriate relief, e.g., a claim under 42 U.S.C. § 1983.

1 – OPINION AND ORDER

or nondiscretionary duty; and (2) to compel action[3] in a matter involving judgment or discretion. *See Wilbur v. U.S. ex rel. Kadrie*, 281 U.S. 206, 218 (1930). However, the writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. United States Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 380 (2004) (citations omitted) (internal quotation marks omitted). Moreover, this Court's discretion to issue a writ of mandamus is curbed by the mandamus test.[4]

Petitioner's petition (#6), seeking a court ordered criminal investigation of the alleged crimes of six unknown agents, is insufficient to meet the mandamus test and is DENIED. *See supra* (footnote 4).

IT IS SO ORDERED.

DATED this 3rd day of January, 2014.

                         __s/ Michael J. McShane__
                            Michael J. McShane
                           United States District Judge

---

[3] "Mandamus may not be used to force the exercise of discretion in a particular way." *State of Cal. v. Settle*, 708 F.2d 1380, 1384 (9th Cir. 1983) (citations omitted).

[4] "The three elements of the mandamus test are (1) the plaintiff's claim is clear and certain; (2) the [defendant official's] duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *R.T. Vanderbilt Co v. Babbitt*, 113 F.3d 1061, 1065 n.5 (9th Cir. 1997) (citations omitted) (internal quotation marks omitted).

2 – OPINION AND ORDER